UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IKORONGO TEXAS LLC<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br>Defendant. | Civil Action No.  6:20-cv-843<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ikorongo Texas LLC ("Ikorongo" or "Plaintiff") for its complaint against defendant Uber Technologies, Inc. ("Uber" or "Defendant"), hereby alleges as follows:

**THE PARTIES**

1. Ikorongo is a Texas limited liability company having an address at 678 Bear Tree Creek, Chapel Hill, NC 27517.

2. Upon information and belief, Defendant Uber is a corporation organized under the laws of Delaware with its principal place of business located in San Francisco, CA.  Uber is registered to conduct business in Texas.

**JURISDICTION**

3. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has general personal jurisdiction over Uber because Uber is engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over Uber because Uber has committed acts of infringement giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over Uber in this Court would not offend traditional notions of fair play and substantial justice. Uber, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement of Ikorongo's rights in the Asserted Patents in this District by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the Asserted Patents. Uber has (1) operated the Internet website, https://www.Uber.com/, and provided a mobile application (the "Uber app"), which is available to and accessed by ridesharing users, customers, and potential customers of the Defendant, both riders and drivers, within this judicial district; (2) operated within the judicial district, with ridesharing offered to users, drivers, customers, and potential customers of Defendant in locations including Austin, El Paso, San Antonio, and Waco; (3) actively advertised to employ (and in fact hired) residents within the District as drivers; (4) transacted business within this judicial district and elsewhere in Texas; (5) infringed, actively infringed and/or induced infringement of Ikorongo's patent rights in this judicial district and elsewhere in Texas; (6) established regular and systematic business contacts within the State of Texas; and (7) continued to conduct such business in Texas through the continued operation within the district. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant is registered to do business in Texas, and upon information and belief, Uber has transacted business in this District and has committed acts of infringement of Ikorongo's patent rights in this District by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the Asserted Patents. Uber has regular and established places of business in this District, including at 201 East 3rd St., Austin, TX 78701; 507 Calles St., #120, Austin, TX 78702; 10842 Potranco Rd. #112, San Antonio, TX 78251 and 121 Interpark Blvd. #501, San Antonio, TX 78216.

## FACTUAL BACKGROUND

6.  This action concerns RE 45,543 (the '543 Patent) and RE 47,704 (the '704 Patent) (collectively the "Asserted Patents"), true and correct copies of which are attached as Exhibits A and B, respectively.

7.  Ikorongo, pursuant to the principles of *Waterman v. Mackenzie*, 138 U.S. 252 (1891) and 35 U.S.C. §261, is the owner of the exclusive right under the Asserted Patents within and throughout a specified part of the United States ("the Specified Part") that includes specific counties within the present judicial district, including the right to sue for past, present and future infringement and damages thereof.

8.  Ikorongo Technology LLC is the owner of the entire right, title and interest in the Asserted Patents, including the exclusive right under the Asserted Patents, within and throughout all parts of the United States and world not included in the Specified Part, including the right to sue for past, present and future infringement and damages thereof. This includes at least one county within the present judicial district.

9.      Together Ikorongo and Ikorongo Technology LLC own the entire right, title and interest in the Asserted Patents, including the right to sue for past, present and future infringement and damages thereof, throughout the entire United States and world.

10.     Each of the '543 Patent and the '704 Patent is a Reissue Patent of U.S. Patent No. 7,080,139 (the '139 Patent). The '139 Patent, entitled "Method and Apparatus for Selectively Sharing and Passively Tracking Communication Device Experiences" was filed on April 24, 2001 as U.S. Patent Application No. 09/841,475. It was duly and legally issued by the U.S. Patent and Trademark Office (PTO) on July 18, 2006. It received 597 days of patent term extension. A true and correct copy of the '139 Patent is attached as Exhibit C.

11.     The '543 Patent was filed as Reissue Application 13/894,009 on May 14, 2013. It was duly and legally reissued by the PTO on June 2, 2015.

12.     The '704 Patent was filed as Reissue Application 14/577,746 on December 19, 2014. It was duly and legally reissued by the PTO on November 5, 2019.

13.     The elements claimed by Asserted Patents, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the times of their respective invention.

## COUNT I

(Uber's Infringement of the '543 Patent)

14.     Paragraphs 1- 13 are reincorporated by reference as if fully set forth herein.

15.     The elements claimed by the '543 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention. Rather, the '543 patent provides a technical solution to technical problems.

16. Uber has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 57 of the '543 patent by making, using, testing, selling, offering for sale or importing into the United States products and/or services covered by the '543 patent. Uber's products and/or services that infringe the '543 patent include, but are not limited to, Uber applications, software and services -- including the application for use on rider's phones and the application for use on driver's phones and processes run on user phones and/or Uber servers -- and any other Uber products and/or services, either alone or in combination, that operate in substantially the same manner ("the Accused Instrumentalities"). As one non-limiting example, *see, e.g.,* exemplary claim chart Exhibit D, which is incorporated herein by reference.

17. Additionally, Uber is an active inducer of infringement of the '543 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '543 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

18. Uber induces infringement of the '543 patent by intending that others use, offer for sale, or sell in the United States, products and/or services covered by the '543 patent, including but not limited to the Accused Instrumentalities. Uber provides these products and/or services to others, such as customers, resellers and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the United States products and/or services that directly infringe one or more claims of the '543 patent.

19. Uber contributes to the infringement of the '543 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '543 patent.

20. Upon information and belief, Uber has had actual knowledge of the '543 patent since at least as early as the service upon Uber of this Complaint.

21. Uber commits affirmative acts that cause infringement of one or more claims of the '543 patent with knowledge of the '543 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '543 patent. As an illustrative example only, Uber induces such acts of infringement by its affirmative actions of intentionally providing software components that when used in their normal and customary way, infringe one or more claims of the '543 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '543 patent, including those found at www.Uber.com, in product literature and items described in the exemplary claim charts hereto.

22. Uber commits contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '543 patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '543 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

23. As a result of Uber's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II

(Uber's Infringement of '704 Patent)

24. Paragraphs 1- 23 are reincorporated by reference as if fully set forth herein.

25. The elements claimed by the '704 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention. Rather, the '704 patent provides a technical solution to technical problems.

26. Uber has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 48 of the '704 patent by making, using, testing, selling, offering for sale or importing into the United States products and/or services covered by the '704 patent, including but not limited to Accused Instrumentalities. As one non-limiting example, *see, e.g.,* exemplary claim chart Exhibit E, which is incorporated herein by reference.

27. Additionally, Uber is an active inducer of infringement of the '704 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '704 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

28. Uber induces infringement of the '704 patent by intending that others use, offer for sale, or sell in the United States, products and/or services covered by the '704 patent, including but not limited to the Accused Instrumentalities. Uber provides these products and/or services to others, such as customers, resellers and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the United States products and/or services that directly infringe one or more claims of the '704 patent.

29. Uber contributes to the infringement of the '704 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '704 patent.

30. Upon information and belief, Uber has had actual knowledge of the '704 patent since at least as early as the service upon Uber of this Complaint.

31. Uber commits affirmative acts that cause infringement of one or more claims of the '704 patent with knowledge of the '704 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '704 patent. As an illustrative example only, Uber induces such acts of infringement by its affirmative actions of intentionally providing software components that when used in their normal and customary way, infringe one or more claims of the '704 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '704 patent, including those found at www.Uber.com, in product literature and items described in the exemplary claim charts hereto.

32. Uber commits contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '704 patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '704 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

33. As a result of Uber's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment against Uber:

(A) that Uber has infringed one or more claims of each of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents;

(B) awarding damages sufficient to compensate Plaintiff for Uber's infringement under 35 U.S.C. § 284;

(C) finding this case exceptional under 35 U.S.C. § 285 and awarding Plaintiff their reasonable attorneys' fees;

(D) awarding Plaintiff its costs and expenses incurred in this action;

(E) awarding Plaintiff prejudgment and post-judgment interest; and

(F) granting Plaintiff such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury of all claims so triable under Federal Rule of Civil Procedure 38.

Date: September 15, 2020						Respectfully submitted,

/s/ Derek Gilliland
**DEREK GILLILAND**
STATE BAR NO. 24007239
**SOREY, GILLILAND & HULL, LLP**
109 W. Tyler St.
Longview, Texas 75601
903.212.2822 (telephone)
903.212.2864 (facsimile)
dgilliland@SoreyLaw.com

**KARL RUPP**
State Bar No. 24035243
**NIX PATTERSON L.L.P.**
1845 Woodall Rodgers Fwy., Suite 1050
Dallas, Texas 45001
972.831.1188 (telephone)
972.444.0716 (facsimile)
krupp@nixlaw.com


**HOWARD WISNIA**
CALIFORNIA STATE BAR NO. 184626
**WISNIA PC**
12770 High Bluff Dr., Suite 200
San Diego, CA 92130
Tel: (858) 461-0989
howard@wisnialaw.com

*COUNSEL for PLAINTIFF*