**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **IKORONGO TEXAS LLC,** | § | |
| **IKORONGO TECHNOLOGY LLC,** | § | |
| *Plaintiffs,* | § | |
| | § | **6-20-CV-00843-ADA** |
| *v.* | § | |
| | § | |
| **UBER TECHNOLOGIES, INC.,** | § | |
| *Defendant.* | § | |

<u>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER**</u>

Before the Court is Defendant Uber Technologies, Inc.'s Opposed Motion to Transfer (ECF No. 26), Plaintiffs Ikorongo Texas LLC and Ikorongo Technology LLC's (collectively "Ikorongo") Response (ECF No. 41), and Uber's Reply (ECF No. 44). After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **DENIES** Defendant Uber's Motion to Transfer.

**I. BACKGROUND**

Plaintiff Ikorongo Texas LLC is a Texas limited liability company. Pls.' Resp., ECF No. 41 at 2. Plaintiff Ikorongo Technology LLC is a North Carolina limited liability company. *Id.* Ikorongo Texas LLC is the owner of exclusive rights under RE 45,543 and RE 47,704 (collectively the "Asserted Patents") only in a specified geographic region limited to certain Texas counties, including counties located in this District (the "Specified Part"). *Id;* Pls.' Second Am. Compl., ECF No. 23 at ¶ 11. Ikorongo Technology LLC owns the entirety of the exclusive rights for the Asserted Patents except for the Specified Part. Pls.' Resp., ECF No. 41 at 2. Ikorongo Technology LLC assigned to Ikorongo Texas LLC full and exclusive rights under the Asserted Patents within the Specified Part. Pls.' Second Am. Compl., ECF No. 23 at ¶ 8. This assignment included the right to sue for patent infringement within the Specified Part. *Id.*

Defendant Uber is a Delaware corporation with its principal place of business in San Francisco, California. Def.'s Mot. to Transfer, ECF No. 26 at 2.[1]

Ikorongo Texas LLC filed this action on September 15, 2020, pursuant to the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Pl.'s Compl., ECF No. 1. Ikorongo Texas LLC and Ikorongo Technology LLC then filed an amended complaint on September 16, 2020. Pls.' Am. Compl., ECF No. 2. Ikorongo Texas and Ikorongo Technology filed a second amended complaint on December 22, 2020. Pls.' Second Am. Compl., ECF No. 23. Plaintiffs accuse Uber of infringing the Asserted Patents based on three primary alleged Uber features: (1) rider pickup assisted by geographic location transmission; (2) locational information sharing; and (3) "Uber Eats" courier location sharing (together, the "Accused Functionalities"). Def.'s Mot. at 3. On January 15, 2021, Uber filed this Motion to Transfer pursuant to 28 U.S.C. § 1404(a), seeking transfer from the Western District of Texas ("WDTX") to the Northern District of California ("NDCA"). *Id.* at 1. In Uber's Motion, Uber argues that transfer to the NDCA is proper because: (1) Ikorongo could have originally filed suit in the proposed transferee venue, and (2) the convenience of the parties and interests of justice weigh in favor of transfer. Def.'s Mot. at 1, 8. On April 7, 2021, Ikorongo filed its Response. Pls.' Resp. On April 14, 2021, Uber filed its Reply. Def.'s Reply, ECF No. 44.

## II. LEGAL STANDARD

### A. Section 1404 Transfer

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court

---

[1] While Defendant's Motion states that Uber Technologies, Inc. is a "limited liability company," the Court notes that Uber Technologies, Inc. is a corporation as indicated by utilization of "Inc." in its entity name.

may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party moving for transfer carries the burden of showing good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) [*Volkswagen II*] ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

The threshold inquiry under § 1404(a) is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202–03 (5th Cir. 2004) [*Volkswagen I*]. If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law).

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original).

The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.* In applying these factors, the court enjoys considerable discretion and assesses the case "on an 'individualized, case-by-case consideration of convenience and fairness.'" *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (quotation omitted).

Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-00118-JRG, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019); *see QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007) (stating that "[i]n a motion to transfer venue under § 1404(a) the moving party bears a *heavy burden* of demonstrating why the factors 'clearly favor such a change.'") (emphasis added); *see also TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 411 (E.D. Tex. 1998) (stating that "before this Court can order a transfer of this action, the defendants must carry a *strong burden* to prove that these factors clearly favor such a change.")(emphasis added); *see also Stephens v. W. Pulp Prod.*, No. CIV.A. 104-CV-152, 2005 WL 3359746, at *1 (E.D. Tex. Dec. 8, 2005) (stating that in a § 1404 motion, the "[d]efendant must carry a *heavy burden* to prove that these factors clearly favor such a change.")(emphasis added).

Additionally, when deciding a § 1404 motion to transfer, the Court "must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *United*

*States ex rel. Hernandez v. Team Fin., L.L.C.*, No. 2:16-CV-00432-JRG, 2020 WL 731443, at *4 (E.D. Tex. Feb. 13, 2020).

### III. ANALYSIS

The Court now turns to Uber's § 1404(a) arguments. Uber argues that the NDCA is both a proper and more convenient venue for this action. Def.'s Mot. at 1, 8.

**A. Uber Has Not Met the Threshold Requirement to Show That NDCA is a Proper Venue as to Ikorongo Texas LLC.**

To determine whether a venue is proper for transfer, "[t]he preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. Here, the Court finds that venue is not proper as to Ikorongo Texas LLC and, therefore, the Court cannot transfer the instant action to NDCA as requested by Defendant Uber.

Under 28 U.S.C. § 1400(b), a patent infringement action "may be brought" in any judicial district "[1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For venue purposes, a corporation "resides" in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. __, 137 S. Ct. 1514, 1517 (2017). Venue in the NDCA is not established under the first clause of § 1400(b) because Uber is incorporated in the state of Delaware. Def.'s Mot. at 2. Additionally, Uber has not met its burden to show that Ikorongo's current action could have initially been brought in the NDCA under the second clause of § 1400(b) because no acts of infringement occurred in the NDCA, with respect to Ikorongo Texas.

Ikorongo alleges that Uber committed acts of infringement throughout the United States. Pl.'s Compl., ECF No. 1 ¶¶ 16, 18, 26, 28. However, Ikorongo argues that the current action could not have been brought in the NDCA because Ikorongo Texas owns the exclusive right to

sue for patent infringement under the Asserted Patents only in the Specified Part that includes counties in this District. Pls.' Resp. at 4. According to Ikorongo, this ownership only permits Ikorongo Texas to file suit in the WDTX because Uber's alleged acts of infringement with respect to Ikorongo Texas could only occur within the Specified Part. *Id.* at 4–5. Uber argues that the Ikorongo Complaint alleges nationwide infringement and thus, venue is proper in the NDCA. Def.'s Reply at 1. Uber also argues that the "strategic pre-suit corporate machinations and assignments" relating to the formation of Ikorongo Texas are a litigation tactic that this Court should not give merit to. *Id.* at 2–3.

The Court notes that the issues presented here are identical to those addressed by the Court's order denying transfer in *Ikorongo Texas LLC v. Lyft, Inc.* 6:20-cv-00258-ADA, Order Denying Lyft's Mot. to Transfer, ECF No. 68. The Court further notes that Uber now raises many of the same arguments raised by Lyft in the prior case. For the same reasons detailed in our previous order and expounded upon below, the Court finds that venue is not proper as to Ikorongo Texas in NDCA.

*Waterman v. Mackenzie*, 138 U.S. 252 (1891) and 35 U.S.C. § 261 provide the principles that a patentee or his assigns can assign, grant, and convey an exclusive right under a patent to the whole or any specified part of the United States. *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891); 35 U.S.C. § 261. By assignment, Ikorongo Texas has the exclusive right to enforce the Asserted Patents only within the Specified Part. Pls.' Second Am. Compl., ECF No. 23 at ¶ 8.

Uber argues that the Amended Complaint, which names both Ikorongo Texas and Ikorongo Technology, is the operative complaint. Def.'s Reply at 1–2. Uber further asserts that the Amended Complaint alleges nationwide infringement and, therefore, venue is proper in NDCA as to both Ikorongo Texas and Ikorongo Technology under 28 U.S.C. § 1400(b). *Id.* The

Court agrees that the "amended complaint . . . supersede[s] the original complaint under the well-settled law of this circuit." *See Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Additionally, venue is determined based upon the parties and allegations at the time the operative complaint is filed. *Bose Corp. v. Sunshine Elecs. of New York, Inc.*, 2006 WL 1027684, at *2 n.4 (N.D. Tex. Apr. 12, 2006); *In re Rearden LLC*, 841 F.3d 1327, 1332 n.2 (Fed. Cir. 2016). However, the Court disagrees with Uber's assertion that the Amended Complaint establishes proper venue in NDCA with respect to Ikorongo Texas. As previously stated, Ikorongo Texas only has the right to enforce its patent rights within the Specified Part, which includes certain counties within this District.

With respect to Ikorongo Texas, venue cannot be established under 28 U.S.C. § 1400(b) in NDCA because Ikorongo Texas does not have patent rights to enforce in NDCA, notwithstanding the alleged nationwide infringement.

Importantly, venue is proper in this District with respect to both Ikorongo Texas and Ikorongo Technology because each Plaintiff has the right to enforce the Asserted Patents in certain counties within this District. Pls.' Resp. at 4. This Court finds that venue is proper with respect to both Plaintiffs within this District but is improper with respect to Ikorongo Texas in the NDCA. Thus, the Defendant fails the threshold inquiry of 28 U.S.C. § 1404(a) because this action, even in view of the operative Amended Complaint, could not have initially been brought in the proposed transferee venue.

Lastly, Uber asserts that this Court should disregard the formation of Ikorongo Texas and its acquisition of patent rights to a specified part because of a purported ploy to defeat transfer. Def.'s Reply at 2–3. The Court already rejected this "gamesmanship" argument in the previous

order denying Lyft's motion to transfer. *Ikorongo Texas LLC v. Lyft, Inc. Ikorongo Texas LLC v. Lyft, Inc.*, 6:20-cv-00258-ADA, Order Denying Lyft's Mot. to Transfer, ECF 68 at 5.

Because Uber has not met the threshold inquiry of the § 1404(a) analysis to show that the NDCA is a proper venue as to Ikorongo Texas, transfer to NDCA is improper. However, even assuming, *arguendo*, that Uber has met the threshold issue as to Ikorongo Texas, the *Volkswagen* private and public interests factors do not support transfer, because Uber has not shown that the NDCA is a "clearly more convenient" venue. *See Volkswagen II*, 545 F.3d at 315.

## B. The *Volkswagen* Private and Public Interest Factors Weigh Against Transfer.

In the Fifth Circuit, the determination of "convenience" turns on a number of public and private interest factors, none of which can be said to be of dispositive weight. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). If, when added together, the relevant private and public interest factors are in equilibrium, or even if they do not clearly lean in favor of the transferee venue, the motion must be denied. *Volkswagen II*, 545 F.3d at 315. Once again, the Court's ultimate inquiry is which

forum will best serve the convenience of the parties and the interests of justice. *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947).

In the instant case, the *Volkswagen* private and public interest factors do not support Uber's Motion to Transfer. Uber has not "clearly demonstrated" that the NDCA is a "clearly more convenient venue" than the WDTX. *See Volkswagen II*, 545 F.3d at 315.

**1. The Private Interest Factors Do Not Clearly Demonstrate that the Northern District of California is a More Convenient Venue.**

**i. The Relative Ease of Access to Sources of Proof**

A court looks to where documentary evidence, such as documents and physical evidence, is stored when considering the first private interest factor. *Volkswagen II*, 545 F.3d at 316. To properly consider this factor, parties must "describe with specificity the evidence they would not be able to obtain if trial were held in the [alternate forum]." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981).

Uber claims that the sources of proof factor weighs in favor of transfer, stating that the NDCA is the nexus for the Accused Functionalities' research, design, and development. Def.'s Mot. at 8. Additionally, Uber states that the Accused Functionalities rely on integrated services provided by Google and Apple, and that evidence related to those services would also be located in the NDCA. *Id.* at 9.

Ikorongo responds that this factor weighs against transfer. Pls.' Resp. at 5. In its Response, Ikorongo states that Uber stores its documents on Google Drive, a cloud-based storage system. *Id.* at 6. According to Ikorongo, Google Drive stores data across Google's multiple data centers, of which, one data center is located less than 90 miles from Waco, and none are located in California. *Id.* Additionally, Ikorongo states that Uber presented no argument that Google or Apple possess documentary evidence in NDCA. *Id.* While Google and Apple are headquartered

in NDCA, Ikorongo points to Google and Apple having offices and personnel located within this District. *Id.* at 7.

In its Reply, Uber states that Ikorongo has no evidence that Uber's documents are stored on Google data centers located within Texas, as opposed to data centers located outside of Texas. Def.'s Reply at 3. With respect to the third-party sources of proof, Uber states that Ikorongo has no evidence that Google or Apple employees within this District possess any relevant documentary evidence. *Id.*

The Court finds that the ease of access to sources of proof factor is neutral. Uber's documents are not physically located in either this District or NDCA, but rather exist persistently across Google's multiple data center locations. Pls.' Resp. at 6. Uber's documents stored on Google Drive are not physically located in the NDCA because there are no Google data centers in NDCA or California in general. Pls.' Resp. at 6.[2] While Uber's documents are also not physically stored in this District, Google does have a data center in Midlothian, Texas, less than 90 miles away in the Northern District of Texas. *Id.* Nevertheless, because Uber's documentary evidence is not physically located in either District, the Court will not attach much weight to its location.

Uber points to precedent stating that the court should be mindful of the location of research, design, and development in determining ease of access to sources of proof. Def.'s Mot. at 8–9; s*ee XY, LLC v. Trans Ova Genetics, LC*, 2017 WL 5505340, at \*13 (W.D. Tex. Apr. 5, 2017); *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, 2014 WL 10748106, at \*6 (W.D. Case 6:20-cv-00843-ADA Document 26 Filed 01/15/21 Page 12 of 219 Tex. June 11, 2014). Uber notes that the majority of the Accused Functionalities research, design, and development

---

[2]*See* https://cloud.google.com/docs/compare/data-centers; www.google.com/about/datacenters/locations/ (last visited April 5, 2021).

occurred in the NDCA. Def.'s Mot. at 8–9. While the court should be mindful of the location where the Accused Functionalities were researched, designed, and developed, this should not serve as to substitute the actual location of documentary evidence if that evidence is physically stored elsewhere. *See Volkswagen II*, 545 F.3d at 316. Although Uber has provided evidence that the Uber employees who researched, designed, and developed the Accused Functionalities are located in the NDCA, Uber has not provided evidence that documentary evidence related to research, design, and development is located in the NDCA. Def.'s Mot. at 3, 8–9. If Uber's documents related to research and development are physically stored on Google servers located elsewhere, then the Court should not give much weight to the location of research and development, with regards to this factor. *See Volkswagen II*, 545 F.3d at 316.

Uber argues that the location of evidence relating to Google and Apple's integrated services tips this factor in favor of transfer. Def.'s Mot. at 9. Uber points to this Court's previous case, *Parus Holdings Inc.*, to assert that the majority of evidence relating to the integrated services provided by Google and Apple likely resides in the NDCA. *Id.; see Parus Holdings Inc. v. LG Elecs. Inc.*, 2020 WL 4905809, at *3 (W.D. Tex. Aug. 20, 2020) (noting "it is likely that LG and Google will have the bulk of the documents relevant to this case in NDCA"). However, the Court's finding in *Parus Holdings Inc.* was specific to documents relevant to *that case*. While Uber is correct that Ikorongo has not provided specific evidence showing that documentary evidence relevant to *this case* from Apple and Google reside in the WDTX, neither has Uber provided specific evidence showing that Apple and Google's documents relevant to *this case* reside in the NDCA. Def.'s Reply at 3; Def.'s Mot. at 9. Because Uber has not provided

evidence that documents from Apple and Google relevant to the instant case are physically located in the NDCA, this factor weighs neutrally as to third-party documentary evidence.[3]

While there is a lack of documentary evidence located in this District, the physical location of Uber's documents and the lack of evidence as to the physical location of relevant third-party evidence causes this factor to weigh neutrally.[4]

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

When determining this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses whose attendance may require a court order. *Volkswagen II*, 545 F.3d at 316. The Court focuses particularly on non-party witnesses whose attendance may need to be secured by a court order. *ParkerVision, Inc. v. Intel Corp.*, No. 6:20-cv-00108-ADA, 2021 WL 401989, at *3 (W.D. Tex. Jan. 26, 2021).

In its Motion, Uber asserts that that this factor weighs in favor of transfer because relevant third-party witnesses from Google and Apple, two named inventors, and various prior art witnesses are located in the NDCA. Def.'s Mot. at 10. Ikorongo responds that the factor

---

[3]Ikorongo counters by pointing to this Court's subpoena power over Google and Apple through their Austin locations. Pls.' Resp. at 7. However, this subpoena power is irrelevant to the ease of access factor and says nothing about the physical location of documentary evidence.

[4]This Court, having made its determination of this factor solely on the basis of binding precedent, wishes to reiterate the concern it outlined in *Fintiv* as to the Fifth Circuit's precedent on this factor. *See Fintiv, Inc. v. Appl Inc.*, 6:18-cv-00372-ADA, 2019 WL 4743678, at *4 (W.D. Tex. Sep. 13, 2019). In this Court's experience, the vast majority of produced documents in patent litigation cases are electronic documents pulled from a party's server. Documents stored on a server in Mountain View, California can be as easily accessed by a court in Alexandria, Virginia as they can be by a Court in San Jose, California. Thus, in this Court's opinion the physical location of electronic documents bears little weight in the determination of a convenient venue. Consequently, the Fifth Circuit inserts a rigid test into an otherwise flexible analysis. Retaining the present framework subverts rather than promotes the stated goals of motions to transfer venue. In close cases, the relative ease of access to sources of proof may serve as the deciding factor in a Court's analysis. Thus, a transferee venue that is in fact no more convenient than the transferor venue, nonetheless, may appear on paper to be clearly more convenient. This thumbs the scales in the movant's favor as to a motion that purportedly defers to the plaintiff's choice of venue when the two venues are comparably convenient. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (noting that the plaintiff's choice of venue should be respected when the transferee venue is not clearly more convenient than the transferor venue). Although this Court would not decide this case differently were the standard for this factor changed, this Court restates its hope that the Fifth Circuit will considering revisiting and amending its precedent to explicitly give courts the discretion to take into consideration the ease of accessing electronic documents in modern times.

weighs against transfer. Pls.' Resp. at 9. Ikorongo argues that Uber provided no evidence that the "cherry-picked" Google employees in the NDCA have actual knowledge or are likely to be picked as witnesses over the Google employees located in this District. *Id.* at 7, 8. Ikorongo also argues that the two named inventors currently residing in the NDCA are paid Ikorongo consultants who are willing to travel to Texas for trial, and two other inventors live in states closer to the WDTX than the NDCA. *Id.* at 8. Additionally, Ikorongo states that alleged underlying direct infringers, including Uber passengers located within this District, may be subpoenaed to testify. *Id.* at 9.

The Court finds the availability of compulsory process factor to be neutral. With regard to third-party witnesses such as Apple and Google, this Court previously held that certain third parties with locations within this District and their employees do fall within the Court's subpoena power. *ParkerVision, Inc. v. Intel Corp.*, No. 6:20-cv-00108-ADA, 2021 WL 401989, at *3 (W.D. Tex. Jan. 26, 2021). Because both Districts have subpoena power over Apple and Google, the factor remains neutral. Def.'s Mot. at 10; Pls.' Resp. at 7. Additionally, with regard to third-party prior art witnesses, this Court has noted that prior art witnesses are generally unlikely to testify at trial, and the weight afforded to their presence in this transfer analysis is minimal. *CloudofChange, LLC v. NCR Corp.*, No. 6:19-cv-00513, 2020 WL 6439178, at *4 (W.D. Tex. Mar. 17, 2020); *Fintiv, Inc.*, 2019 WL 4743678, at *5; *East Tex. Boot Co., LLC v. Nike, Inc.*, No. 2:16-cv-0290-JRG-RSP, 2017 WL 28559065 at *4 (E.D. Tex. Feb. 15, 2017).

Finally, with regards to the two inventors' "willingness" and this factor, when no party has alleged or shown any witness's unwillingness, the court should not attach much weight to the compulsory process factor. *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006); *CloudofChange, LLC*, 2020 WL 6439178, at *4. Neither party has asserted that either of the two

inventors are unwilling to travel to the WDTX. Pls.' Resp. at 8; Def.'s Mot. at 10. However, Ikorongo's assertion that the other two inventors live in states closer to this District is irrelevant to this factor because neither District has subpoena power over them. Given these considerations, the Court finds the availability of compulsory process factor neutral.

### iii. The Cost of Attendance for Willing Witnesses

The convenience of witnesses is the most important factor in a § 1404(a) analysis. *In re Genetech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). While a court should not consider the significance of identified witnesses' testimonies, a court should consider whether the witnesses may provide materially relevant evidence. *Id.* at 1343.

The Fifth Circuit's 100-mile rule states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue § 1404(a) is more than 100 miles, the factor of inconvenience of witnesses increases in direct relationship to the additional distance to be traveled." *In re TS Tech USA Corp.*, 551 F.3d at 1320 (quoting *Volkswagen I*, 371 F.3d at 204–05). Additionally, the Federal Circuit has rejected courts giving more weight to the fact that witnesses "need to travel a greater distance to reach" a venue, noting that non-party witnesses "will likely have to leave home for an extended period" whether or not the case was transferred, and thus such witnesses would only be slightly more inconvenienced by having to travel to an extra distance. *In re Apple Inc.,* 979 F.3d at 1342. Importantly, the venue need not be convenient for *all* witnesses. *Genetech, Inc.*, 566 F.3d at 1345. If a substantial number of witnesses reside in one venue and no witnesses reside in another, the factor will weigh in favor of the venue where witnesses reside. *See id.*

As previously stated by this Court, "given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in 1404(a) briefing will testify at

trial." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372-ADA, 2019 WL 4743678, at *6 (W.D. Tex. Sept. 13, 2019). Indeed, the Court assumes only a few party witnesses and even fewer non-party witnesses (if any) will testify at trial. *Id.* Consequently, long lists of potential party and non-party witnesses do not affect the Court's analysis for this factor. *Id.*

      Uber argues that this factor strongly favors transfer. Def.'s Mot. at 11. Uber asserts that the majority of its relevant party witnesses and third-party witnesses are located in the NDCA. *Id.* Uber also asserts that none of its few employees located in this District are related to the merits of this litigation. *Id.* at 12.

      Ikorongo responds that Uber did not provide reliable evidence that knowledgeable Uber employees are located in the NDCA. Pls.' Resp. at 9. Ikorongo also states that North Carolina, where its CEO and employees reside, is closer to this District than the NDCA. *Id.* at 10. Additionally, Ikorongo argues that the relative meal and lodging costs in Waco are less expensive compared to San Francisco. *Id.* at 11.

      First, based on the Court's experience, inventor testimony is one of the most critical witnesses that will testify live at trial. *Uniloc 2017 LLC v. Apple Inc.,* 6-19-CV-00532-ADA, 2020 WL 3415880, at *6 (W.D. Tex. June 22, 2020). The Federal Circuit has explained that out-of-state witnesses "will likely have to leave home for an extended period of time and incur travel, lodging, and related costs" regardless of the venue. *In re Apple Inc.*, 979 F.3d at 1342. Although two of the inventors currently live in the NDCA, these inventors are paid consultants of Ikorongo who are willing to attend trial in Waco. Pls.' Resp. at 8. As these two inventors would not incur any travel, lodging, or related costs by attending trial in Waco, but would still experience the inconvenience of traveling to Waco from the NDCA, the inconvenience to these inventors negligibly favors transfer.

Second, the convenience of party witnesses is typically given little weight because the witnesses' employer could compel their testimony at trail. *Turner v. Cincinnati Ins. Co.*, 6:19-cv-642-ADA-JCM, 2020 WL 210809, at *4 (W.D. Tex. Jan. 14, 2020); *Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*, A-18-cv-413 LY, 2018 WL 5539929, at *7 (W.D. Tex. Oct. 29, 2018). Some courts have considered how far these witnesses would need to travel if few or no witnesses reside within the current district. *See, e.g., Genetech, Inc.*, 566 F.3d at 1345 (determining the convenience factor favored transfer, and not only slightly, in part because the defendants' employees and managers would not have to travel as far and the foreign plaintiff had no connection to the current venue); *contra Fintiv, Inc.*, 2019 WL 4743678, at *6 (stating the cost of attendance for party witnesses did not weigh for or against transfer because there were several potential witnesses in both venues). The NDCA is more convenient than the WDTX for Uber employees knowledgeable about the Accused Functionalities, who are located in the NDCA. *See* Def.'s Mot. at 11. However, the NDCA is "slightly less convenient" than the WDTX for Ikorongo's members located in North Carolina. *See id.*; *see In re Genentech, Inc.*, 566 F.3d at 1348. Therefore, the inconvenience to party-witnesses slightly favors transfer.

Considering the NDCA's slight convenience to the two paid inventors and the slight net convenience to the party-witnesses, the Court finds that the cost of attendance factor only slightly favors transfer.

**iv. Other Factors That Make Trial Easy, Expeditious, and Inexpensive**

When considering a motion to transfer, the court considers "all other practical problems that make trial of a case, easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. Uber argues that mere co-pendency of related suits does not automatically preclude transfer to a more convenient venue. Def.'s Reply at 4–5. Ikorongo responded that Bumble, LG, Samsung,

and Lyft all have cases pending before this Court, and judicial economy would be best served by having this Court handle each of these similar cases. Pls.' Resp. at 12.

The Court finds this factor weighs against transfer. While cases involving the same patents with different defendants, products, and witnesses will not *necessarily* be expedited by being in the same court, judicial economy may be served best by having the same court try similar cases involving the same patents. *See Hammond Dev. Int'l, Inc. v. Google LLC*, 1:20-cv-00342-ADA, 2020 WL 3452987 (W.D. Tex. June 24, 2020) (denying motion to transfer venue and finding that judicial economy was served by having the same district court try cases involving the same patents due to consolidation of the cases). As Ikorongo correctly points out, it has filed suit against Bumble in this District for infringing on patents asserted in this action, and Bumble withdrew its motion to transfer. Pls.' Resp. at 12–13. This Court also recently denied a motion to transfer by Lyft in a suit brought by Ikorongo alleging infringement of the same patents asserted in this action. 6:20-cv-00258-ADA, Order Denying Lyft's Mot. to Transfer, ECF 68. Notably, the Court does not find this factor weighs against transfer merely because Ikorongo has filed suits against multiple defendants in this District. Rather, judicial economy and the possibility of inconsistent rulings causes the Court to find this factor weighs against transfer, given that at least two of the co-pending cases will remain in this District.

**2. The Public Interest Factors Do Not Clearly Demonstrate that the Northern District of California is a More Convenient Venue.**

**i. Administrative Difficulties**

Administrative difficulties manifest when litigation accumulates in congested centers instead of being handled at its origin. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Koehring Co. v. Hyde*

*Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963). The relevant inquiry under this factor is the speed with which a case comes to trial and is resolved. *Genetech, Inc.*, 566 F.3d at 1347.

Uber argues that this factor is neutral if it is relevant at all. Def.'s Mot. at 14. Ikorongo argues that this factor favors retention because this Court has a substantially faster time to trial compared to the NDCA, and the NDCA has experienced extended delays due to the Covid-19 pandemic. Pls.' Resp. at 14.

The Court finds this factor weighs against transfer. This Court has previously analyzed the difference in congestion between the NDCA and the WDTX. *Parus Holdings Inc.*, 2020 WL 4905809, at *7. At that time, this Court's time-to-trial was 25% faster than the NDCA. *Id.* Additionally, the Waco Division of the Western District of Texas has its own patent-specific Order Governing Proceedings ("OGP") that ensures efficient administration of patent cases. These facts indicate a greater efficiency of bringing cases, especially patent cases, to trial in the WDTX over the NDCA. As such, this factor weighs against transfer.

**ii. Local Interests**

There is "a local interest in having localized controversies decided at home." *Gulf Oil Corp.*, 330 U.S. at 511; *Piper Aircraft*, 454 U.S. at 260.

Uber argues that the NDCA has a powerful local interest in this matter because Uber's headquarters is located in the NDCA and the Accused Functionalities were designed and developed in that District. Def.'s Mot. at 14. Uber also asserts that Ikorongo has no real presence in this District. *Id.* at 15. Ikorongo argues that this District has a local interest in this matter because Ikorongo Texas only has exclusive rights to the Asserted Patents in the Specified Part, including counties in this District. Pls.' Resp. at 15. Ikorongo also points to the fact that Uber

earns a significant amount of money in this District. *Id.* Uber replies by stating that Ikorongo's argument regarding Uber's revenue in Texas is irrelevant. Def.'s Reply at 5.

The Court finds this factor weighs neutrally. Uber correctly argues that the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue. *Id.; In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010); *see also In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (stating that infringement of an accused product offered nationwide does not allow for any venue to claim a substantial interest). The localized interest of a district exists when "the cause of action calls into question the work and reputation of several individuals residing in or near that district who presumably conduct business in that community." *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1336. Such a situation presents itself here as Uber suggests.

However, theses interests are mitigated and a company's presence in a particular district weighs only slightly in favor of transfer because "it is generally a fiction that patent cases give rise to local controversy or interest, particularly without record evidence suggesting otherwise." *Found. Med., Inc. v. Guardant Health, Inc.*, No. 2:16-CV-00523-JRG-RSP, 2017 WL 590297, at *4 (E.D. Tex. Feb. 14, 2017). Along with this fiction, Ikorongo Texas's claims do specifically relate to infringement in this District, because Ikorongo Texas has the exclusive right to assert infringement claims that arise within this District. Pls.' Resp. at 4. Accordingly, the Court finds this factor weighs neutrally.

### iii. Familiarity of the Forum with the Law That Will Govern the Case

Both parties agree that this factor is neutral. Pls.' Resp. at 15; Def.'s Mot. at 15. The Court also agrees.

**iv. Avoiding Conflict of Laws and the Application of Foreign Laws Factors**

Both parties agree that this factor is neutral. Pls.' Resp. at 15; Def.'s Mot. at 15. The Court also agrees.

## IV. CONCLUSION

Having found that Uber failed to meet the threshold requirement for proper venue, and even if it has satisfied the threshold requirement, that the cost of attendance for willing witnesses weighs only slightly in favor of transfer, other practical problems that make trial of a case easy, expeditious, and inexpensive, and administrative difficulties weigh against transfer, and ease of access to sources of proof, availability of the compulsory process, local interest in having localized interests decided at home, familiarity of the forum with governing law, and avoidance of conflict of laws are neutral, the Court finds that Uber has not "clearly demonstrated" that the Northern District of California is "clearly more convenient." *Volkswagen II*, 545 F.3d at 314 n.10, 315.

**IT IS THEREFORE ORDERED** that Defendant Uber's Motion to Transfer (ECF No. 26) is **DENIED**. It is further **ORDERED** that the above-styled case remain on the docket of United States District Judge Alan D Albright.

SIGNED this 26th day of May, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE